IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LANE FREDERICK a/k/a FREDERICK  §
LANE, TDCJ-CID NO. 1420115,  §
  §
      Petitioner,  §
  §
v.  §    CIVIL ACTION NO. H-14-1895
  §
  §
WILLIAM STEPHENS,  §
  §
      Respondent.  §

## MEMORANDUM OPINION AND ORDER

Pending before the court is Respondent William Stephens'
Motion to Dismiss Pursuant to 28 § 2244(d) with Brief in Support
(Docket Entry No. 14).  For the reasons stated below, Stephens'
Motion to Dismiss will be granted, and Lane Frederick's Petition
for a Writ of Habeas Corpus By a Person in State Custody ("Federal
Petition") (Docket Entry No. 1) will be dismissed.

## I.  Background

On February 13, 2007, in the 180th Judicial District Court of
Harris County, Texas, under Cause No. 1066435, a jury found
Frederick guilty of aggravated sexual assault of a child.[1]
Frederick elected to have punishment assessed by the jury, which

---

[1]Judgment of Conviction By Jury, Docket Entry No. 15-1,
pp. 80-81.

sentenced him to sixty years in prison.[2]  On May 20, 2008, the Fourteenth Court of Appeals of Texas affirmed Frederick's conviction.[3]  Frederick's Petition for Discretionary Review ("PDR") was filed on July 22, 2008.[4]  The Texas Court of Criminal Appeals refused his PDR on November 5, 2008.[5]  The Fourteenth Court of Appeals issued its Mandate on January 2, 2009.[6]

Frederick signed his first state habeas application on September 26, 2008.[7]  It was dismissed on November 26, 2008, because it was filed while his direct appeal was still pending.[8]  On June 30, 2013, Frederick signed his second state habeas application.[9]  The Texas Court of Criminal Appeals denied relief

---

[2]<u>Id.</u>

[3]Fourteenth Court of Appeals' Opinion, Docket Entry No. 15-17.

[4]PDR, Docket Entry No. 15-16, p. 1.

[5]<u>In re Lane</u>, PD-0875-08, 2008 Tex. Crim. App. LEXIS 1374, at *1 (Nov. 5, 2008).  Petitioner was convicted under the name Frederick Lane.  In his habeas petition he reversed his name to Lane Frederick.

[6]Mandate, Exhibit A to Respondent's Motion to Dismiss, Docket Entry No. 14-2, p. 2.

[7]State Application for Writ of Habeas Corpus, Application No. WR-71,018-01, Docket Entry No. 15-19, p. 17.

[8]Action Taken on State Habeas Application, Application No. WR-71,018-01, Docket Entry No. 15-19, p. 2.

[9]State Application for Writ of Habeas Corpus, Application No. WR-71,018-02, Docket Entry No. 15-21, p. 17.

without a written order on October 23, 2013.[10]   On February 21, 2014, Frederick signed his pending Federal Petition.[11]

## II.  <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs federal habeas petitions filed after the AEDPA's effective date.  <u>Lindh v. Murphy</u>, 117 S. Ct. 2059, 2068 (1997). The AEDPA includes a one-year statute of limitations beginning on the date when the judgment became final by either the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1).  Frederick's conviction became final on February 3, 2009, at the end of the ninety-day period for filing a petition for a writ of certiorari with the Supreme Court following the Texas Court of Criminal Appeals' order denying relief.  <u>See</u> Sup. Ct. R. 13.1.  Frederick therefore had until February 3, 2010, to file his Federal Petition.  <u>See</u> 28 U.S.C. § 2244(d)(1)(A).

## A.  Statutory Tolling

The AEDPA limitations period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  An application that is filed

---

[10]Action Taken on State Habeas Application, Application No. WR-71,018-02, Docket Entry No. 15-21, p. 2.

[11]Federal Petition, Docket Entry No. 1, p. 10.

within the limitations period but is dismissed as non-compliant with the state's procedural rules is not "properly filed" and, therefore, does not toll the limitations period.  See Larry v. Dretke, 361 F.3d 890, 895 (5th Cir. 2004).  If an applicant files a state habeas petition after the time for filing a petition under § 2244(d)(1) has lapsed, the state petition does not toll the one-year limitations period.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The Texas Court of Criminal Appeals dismissed the first state habeas application because Frederick's appeal was still pending when the application was filed.  Because Frederick's first state habeas application was dismissed as non-compliant with the state's procedural rules, it was not "properly filed" and therefore did not toll the limitations period.  Frederick did not sign his second state habeas petition until June 30, 2013, more than three years after the limitations period expired on February 3, 2010.

Frederick does not satisfy any other tolling provision under section 2244(d).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law and prevented Frederick from filing a timely petition. See 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered by petitioner through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1)(C)-(D).

-4-

**B.    Equitable Tolling**

The one-year limitations period under the AEDPA is subject to equitable tolling at the district court's discretion and only in "rare and exceptional circumstances." <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998).  A habeas petitioner is "'entitled to equitable tolling' only if he shows that '(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2562 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 125 S. Ct. 1807, 1814 (2005)).

Frederick has not demonstrated that any extraordinary circumstances prevented him from timely filing or that he diligently pursued habeas relief during the limitations period. Frederick waited over three years after expiration of the limitations period to file his second state petition and over four years to file his Federal Petition.  Frederick is not entitled to equitable tolling.

**C.    Equitable Exception**

Frederick argues in his Federal Petition, Docket Entry No. 1 at p. 9, that his actual innocence overcomes the limitations period.[12]  In <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924, 1932-33 (2013), the Supreme Court held that a convincing showing of actual

---

[12]Frederick cites <u>Martinez v. Ryan</u> and <u>Trevino v. Thaler</u> to support his actual innocence claim.  <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012); <u>Trevino v. Thaler</u>, 133 S. Ct. 1911 (2013).  Neither case is relevant to tolling or equitable exceptions to the AEDPA limitations period.

innocence is an "equitable exception" that can overcome the AEDPA limitations period.   To make a convincing showing of actual innocence a petitioner must present "new, reliable evidence" that was not presented at trial and prove that it was more likely than not, in light of the new evidence, that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. McQuiggin, 133 S. Ct. at 1928 (applying the standard set out in Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Frederick's contention that the state's case is unsupported by physical or medical evidence does not constitute "new, reliable evidence" of his innocence that was not presented at trial.   The jury found that the evidence presented by the state, including the testimony of the victim, which was corroborated in part by the testimony of the victim's sister, was sufficient to convict Frederick despite the lack of physical and medical evidence. Frederick is not entitled to an equitable exception under the AEDPA limitations period.

### III.   Certificate of Appealability

The Federal Petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability ("COA") to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).   The COA statute imposes

a jurisdictional prerequisite mandating that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . ." <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El</u>, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability sua sponte without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Frederick's Federal Petition is barred by the statute of limitations. Respondent Stephens's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) (Docket Entry No. 14) is therefore **GRANTED,** and Frederick's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE.** A certificate of appealability is **DENIED.**

**SIGNED** at Houston, Texas, on this the 11th day of June, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-8-